Case 7:07-cv-01875-JFG   Document 9   Filed 01/04/08   Page 1 of 5

FILED
 2008 Jan-04  PM 04:08
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| PAMAAWYAN YOUNG, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 07-G-1875-W |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This cause is before the court upon the Commissioner's motion to dismiss for lack of subject matter jurisdiction.  The Commissioner argues that the ALJ dismissed the plaintiff's request for a hearing because the plaintiff did not appear for the hearing and that the Social Security Administration (SSA) made further attempts, by telephone and mail, but was unsuccessful in contacting the plaintiff or her representative.  The commissioner argues correctly, that such a dismissal does not constitute a "final decision" for purposes of judicial review under section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).  However, the plaintiff argues that the court has subject matter jurisdiction over the action because of a potential violation of her constitutional due process rights.  She argues that because of mental impairments, she lacked the mental capacity to understand the necessity of acting on the hearing notice or the timely filing of an appeal.

It is clear that the decision from which the plaintiff seeks to appeal is not a "final decision" within the meaning of § 205(g). In Califano v. Sanders, 97 S. Ct. 980 (1977), the Court considered whether § 205(g) provided subject matter jurisdiction in the district court to review a final decision of the Commissioner not to reopen a previous claim of benefits:

> We agree that § 205(g) cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits.
>
> The pertinent part of § 205(g) provides:
>
>> "Any individual after *final decision of the Secretary made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days ...." (Emphasis supplied.)
>
> This provision clearly limits judicial review to a particular type of agency action, a "final decision of the secretary made after a hearing". But a petition to reopen a prior final decision may be denied without a hearing....

97 S. Ct. at 985-86.

In the present case, the plaintiff seeks review of the ALJ's dismissal of her request for a hearing. Because no hearing was held, ordinarily § 205(g) would not grant this court jurisdiction to hear the plaintiff's appeal. However, the Court in Sanders recognized that in cases involving challenges to the Commissioner's decisions on constitutional grounds, § 205(g) affords jurisdiction even in the absence of a hearing. Id. at 986 ("[W]hen constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the 'extraordinary' step of

2

foreclosing jurisdiction unless Congress' intent to do so is manifested by 'clear and convincing' evidence."). Therefore, the question presented in the present case is whether the plaintiff has raised a colorable constitutional claim.

Elchediak v. Heckler, 750 F.2d 892 (11th Cir. 1985), involved a factual situation very similar to the present case. In Elchediak the plaintiff sought review of the Commissioner's refusal to open a prior application. He alleged that his mental illness "prevented him from understanding and pursuing his administrative remedies following the denial of his first application for benefits." Id. at 894. In light of Sanders, the court considered whether the claimant's "assertion that his mental illness precluded him from effectively litigating his claim for benefits because it prevented him from proceeding in a timely fashion from one administrative level to the next raises a colorable constitutional claim." Id. at 894. The court noted that the claimant asserted disability due to his mental illness and also that the medical evidence of record confirmed that he suffered from mental illness. Id. The court held that the claimant had in fact raised a colorable constitutional claim since he had shown:

> (1) he suffers from a medically-documented mental illness which serves as the basis for his disability claim; (2) on his first application he was without the assistance of counsel or other suitable representation; and (3) that he cannot assert a new claim for benefits because he now lacks insured status.

Id. at 895. The court's decision, does not state that these three factors are prerequisites to every constitutional claim involving allegations of mental illness. Rather, they appear to be factors considered important to the court in that case that guided its decision.

In the present case, the plaintiff argues in brief that she suffers from an affective disorder and a personality disorder. (Pl.'s response at 9.) It is also apparent from the defendant's Motion to Dismiss and the plaintiff's Response that the plaintiff was not represented by counsel when the dismissal order was entered. Therefore, the first two factors in Elchediak are present. The third factor mentioned by the court in Elchediak does not appear to be relevant to the present case because plaintiff asserts in her complaint that her claim was for Supplemental Security Income benefits and her insured status would not be an issue. However, if plaintiff is not allowed to appeal the Commissioner's dismissal of her request for a hearing, it will be a *res judicata* bar to any future claim to these benefits. Therefore, just as in Elchediak, the plaintiff will suffer irreparable harm if the allegedly unconstitutional actions of the Commissioner are not subject to judicial review. For these reasons, the court concludes the plaintiff has asserted a colorable claim that the Commissioner's actions in present case violated her constitutional rights. Accordingly, the Commissioner's motion to dismiss is due to be denied.

In Elchediak, the court remanded the action to the district court and instructed it to "direct the Secretary to make a determination, after considering such evidence as the parties may submit, whether Mr. Elchediak's mental illness prevented him from understanding and pursuing his administrative remedies following the denial of his first application for benefits." Id. at 894. Therefore, in the present case, the action will be remanded pursuant to sentence six of 42 U.S.C. § 405(g) so that the Commissioner can make a determination whether the plaintiff's mental illness prevented her from

understanding the necessity of acting on the hearing notice and the timely filing of an appeal. In reaching this determination, the Commissioner shall consider any evidence submitted by the plaintiff, or developed by the Commissioner. Pursuant to 42 U.S.C. § 405(g), the Commissioner shall have 90 days following remand to "file with the court any ... additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based." Additionally, the Commissioner shall supply a copy of the entire record to date to the plaintiff at least 30 days before filing his response to this memorandum opinion and order.

      An appropriate order will be entered contemporaneously herewith.

      DONE and ORDERED 4 January 2008.

                                           UNITED STATES DISTRICT JUDGE
                                                J. FOY GUIN, JR.